UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD A. JOSEPH, JR.,

      Plaintiff,

v.                                        CASE NO. 8:24-cv-2167-SDM-TGW

STACY A. JENKINS, *et. al.*,

      Defendants.

_____/

### O R D E R

      Joseph filed a civil rights complaint under 42 U.S.C. § 1983 against Pasco County Deputy Powers and Chief Correctional Officer Jenkins.  Joseph's claim is based on events that occurred while he was a pre-trial detainee in the Pasco County Detention Center when, he alleges, he "was Baker Acted and suicidal/homicidal [and] should have been in a padded room . . . ."  (Doc. 1 at 8)  The action was stayed and administratively closed pending Joseph's appeal of an earlier order (Doc. 16) that denied Joseph's motion (Doc. 5) to appoint counsel.  A recent order (Doc. 30) re-opens this action after receipt of the appellate court's mandate (Doc. 27) dismissing the appeal.  This action proceeds under the pending motion to dismiss, opposition, and reply.  (Docs. 15, 17, and 20)

      Although a *pro se* complaint receives a generous interpretation, *see, e.g., Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), and *Kirby v. Siegleman*, 195 F.3d

1285, 1289 (11th Cir. 1999), the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and must provide "more than labels and conclusions [or] a formulaic recitation of the elements of the cause of action . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In short, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, as summarized in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009):

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S. Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955.

*Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 n.43 (11th Cir. 2008), explains that "*Twombly* [i]s a further articulation of the standard by which to evaluate the sufficiency of all claims brought pursuant to Rule 8(a)."  As a consequence, *Twombly* governs a Section 1983 prisoner complaint.  *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008).  The defendants assert four reasons for granting their motion to dismiss.  This order denies the motion in part and grants the motion in part but with leave to amend the complaint.

**<u>Administrative Remedies:</u>**

The defendants argue that Joseph failed to exhaust his administrative remedies. The defendants are correct that exhaustion of administrative remedies is required before a prisoner files a Section 1983 action. "No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A prisoner must "properly exhaust" the administrative remedies. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006). The failure to "properly exhaust" the administrative remedies will bar a prisoner's pursuing a claim in federal court.

The defendants have the burden of proving that Joseph did not fully exhaust his administrative remedies. *See Jones v. Bock*, 549 U.S. 199, 216 (2007) (holding that lack of exhaustion is an affirmative defense); *Dixon v. United States*, 548 U.S. 1, 8 (2006) (recognizing that the burdens of both production and persuasion are on the same party). An inmate must exhaust available administrative remedies but not remedies that are unavailable. *Ross v. Blake*, 578 U.S. 632, 642 (2016) ("[A]n inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001)).

The defendants move for dismissal because Joseph failed to comply with the exhaustion process established in Section 33-103, Florida Administrative Code, which outlines the requirements for exhausting a grievance for a person in the custody of the Florida Department of Corrections ("DOC").  (Doc. 15 at 4–5)   In opposing this argument, Joseph correctly re-states that he is a pre-trial detainee in a county jail and correctly argues that the DOC grievance procedures are inapplicable. Consequently, the defendants fail to meet their burden of proving that Joseph failed to fully exhaust the administrative remedies "available" to Joseph.[1]

**"Shotgun Pleading"**

The defendants correctly argue that the complaint is a prohibited "shotgun pleading."  In general terms, four types of "shotgun pleadings" exist and each is condemned, as *Yeyille v. Miami Dade County Public Schools*, 643 F. App'x 882, 884 (11th Cir. 2016),[2] explains:

> "Shotgun" pleadings are cumbersome, confusing complaints that do not comply with these pleading requirements. We have repeatedly condemned shotgun pleadings. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 nn.11–15 (11th Cir. 2015). There are four basic types of shotgun pleadings: (1) those in which "each count adopts the allegations of all preceding  counts;" (2) those that do not re-allege all

---

[1] The defendants assert in reply that Joseph "has mistaken the 'Doc.' abbreviation used in the motion to dismiss as a reference to Department of Corrections policy when, in fact, it is a reference to the docket entries in this case." Although the defendants use "Doc." as a reference to docket entries, their use of "FDOC" and their entire argument for lack of exhaustion applies to state prisoners and not county jail detainees. The defendants' assertion that Joseph is mistaken is specious.

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) those that do not separate each cause of action or claim for relief into a different count; and (4) those that assert multiple claims against multiple defendants without specifying which applies to which. *Id.* at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Joseph's complaint is both the third and fourth type of "shotgun pleading." The complaint identifies two deputy sheriffs as defendants and alleges many rights violations but asserts few acts allegedly committed by the named defendants. For example, the complaint fails to identify (1) the male nurse who allegedly threatened him, (2) the person who allegedly punched him with a closed fist, (3) the person who ordered his placement in a "restraint chair," and (4) which specific policy or procedure violates his constitutionally protected rights. A rambling pleading wastes scarce judicial resources. *See, e.g., Vibe Micro, Inc.,* 878 F.3d at 1295 (internal quotations omitted) (A "shotgun pleading" is disfavored because "[t]hey waste scarce judicial resources, 'inexorably broaden the scope of discovery,' 'wreak havoc on appellate court dockets,' and 'undermine the public's respect for the courts.'") (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 981–83 (11th Cir. 2008)).

### ***Respondeat Superior***

The complaint must allege facts showing the direct involvement of each defendant in the alleged deprivation of Joseph's civil rights. Joseph cannot pursue an

action under Section 1983 for employing or supervising someone who allegedly wronged Joseph.  A claim against an employer or a supervisor based on an act by an employee or subordinate asserts a claim under the principle of *respondeat superior*. Although permitted in other civil tort actions, *respondent superior* is inapplicable in a Section 1983 action.  *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 691, 694 (1978); *Grech v. Clayton County, Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (*en banc*). Consequently, the complaint insufficiently alleges a claim against Stacy Jenkins as "Chief Correctional Officer."

**Verbal Abuse**

Joseph alleges that Deputy Powers uttered "sexually humiliating remarks"at him and an unidentified male nurse uttered "threats of a sexual nature."  Although possibly unprofessional and offensive, neither harassment nor verbal abuse alone is unconstitutional conduct.  "Derogatory, demeaning, profane, threatening or abusive comments made by an officer to an inmate, no matter how repugnant or unprofessional, do not rise to the level of a constitutional violation."  *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989).  *Accord Hernandez v. Florida Dep't of Corr.*, 281 F. App'x 862, 866 (11th Cir. 2008) (holding (1) that plaintiff's allegations of verbal abuse and threats by prison officials did not state a constitutional claim because the defendants never carried out the threats and (2) that "verbal abuse alone is insufficient to state a constitutional claim").

* * * *

Joseph is advised that, if he fails either to move for an extension of time or to file an amended complaint within the time allotted, this order dismissing the initial complaint will become a final judgment. *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720–21 (11th Cir. 2020) ("[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending the complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint.") (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

Defendants' motion to dismiss (Doc. 15) is **DENIED** based on a lack of exhaustion but **GRANTED** based on Rule 12(b)(6). The complaint (Doc. 1) is **DISMISSED** for failing to state a claim, but the dismissal is **WITHOUT PREJUDICE** to filing an amended complaint not later than **FRIDAY, AUGUST 15, 2025**. The clerk must send to Joseph the required civil rights complaint form. The failure to timely file an amended complaint will result in the dismissal of this action without further notice.

ORDERED in Tampa, Florida, on July 16, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE